UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VERANDA GARDENS, LLC and
SAWYER CONSTRUCTION & ROOFING, INC.,                      Plaintiffs,

v.                      Civil Action No. 3:18-cv-611-DJH-RSE

SECURA INSURANCE,                      Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

In September 2016, Plaintiff Veranda Gardens, LLC filed a claim with its insurer, Defendant SECURA Insurance, alleging that its property had sustained wind damage. (Docket No. 1-2, PageID # 8). The site inspector hired by SECURA, Steve Weber, examined the property and concluded that the damage was not caused by wind. (*Id.*, PageID # 9) Veranda disagreed with Weber's assessment and invoked the appraisal clause of its insurance policy, which allows Veranda and SECURA to each appoint an impartial appraiser to reexamine the property. (D.N. 11, PageID # 45) Despite Veranda's objection, SECURA appointed Weber. (D.N. 1-2, PageID # 9) Veranda and Plaintiff Sawyer Construction & Roofing, Inc., the assignee of Veranda's insurance claim, then brought this action seeking a declaration that SECURA must select another appraiser because Weber is not impartial.[1] (*Id.*, PageID # 10) The parties have now filed cross-motions for declaratory judgment, asking the Court to determine whether Weber is an impartial appraiser under the insurance policy. (D.N. 13; D.N. 14) After careful consideration, the Court finds that Weber is an impartial appraiser.

---

[1] Although the complaint states that the insurance policy requires an "independent" appraiser (D.N. 1-2, PageID # 9-10), the parties' stipulation of facts (D.N. 11) and motions (D.N. 13; D.N. 14) confirm that this is a mistake; the insurance policy requires an "impartial" appraiser. (D.N. 11, PageID # 45)

1

## I. BACKGROUND

In September 2015, Veranda obtained a business-protection insurance policy from SECURA. (D.N. 11, PageID # 44) The following year, Veranda filed a wind-damage claim with respect to the roof of its property. (D.N. 1-2, PageID # 8) Veranda assigned the claim to Plaintiff Sawyer Construction & Roofing, Inc. (*Id.*)

SECURA retained Rimkus Consulting Group, Inc. to determine the cause and extent of the reported damage. (*Id.*, PageID # 9) Rimkus employee Steve Weber examined Veranda's property and concluded that the damage was not caused by recent or historic winds. (*Id.*) After reviewing Weber's report, as well as reports from other individuals, SECURA denied Veranda's claim. (D.N. 11, PageID # 45)

Veranda then initiated the insurance policy's appraisal process. (*Id.*) The policy provides that in the event of disagreement regarding the amount of loss, each party may select a competent and impartial appraiser to assess the damage. (*Id.*) If the appraisers disagree, an umpire chosen by the appraisers decides which appraisal is correct. (*Id.*)

SECURA appointed Weber as its appraiser. (D.N. 1-2, PageID # 9) Veranda contested Weber's appointment, arguing that he is not impartial due to his prior involvement. (*Id.*, PageID # 10) SECURA disagreed and refused to replace Weber. (*Id.*) Thus, Veranda and Sawyer filed this action seeking a declaration that the insurance policy requires SECURA to withdraw its appointment of Weber and select an impartial appraiser. (*Id.*) The parties then filed cross-motions for declaratory judgment asking the Court to determine whether or not Weber is an impartial appraiser under the policy. (D.N. 13; D.N. 14)

## II. STANDARD

Although the parties filed cross-motions for declaratory judgment, the Declaratory Judgment Act does not contemplate "motions for declaratory judgment." Under the Act, the Court "may declare the rights and other legal relations of any interested party seeking such a declaration" where a party files "an appropriate pleading." 28 U.S.C. § 2201(a). The Federal Rules "govern the procedure for obtaining a declaratory judgment under [the Act]." Fed. R. Civ. P. 57. Thus, motions for declaratory judgment in declaratory-judgment actions are construed as motions for summary judgment. *State Farm Fire & Cas. Co. v. Taylor*, No. CV 5: 17-360-DCR, 2018 WL 3594973, at *3 (E.D. Ky. July 26, 2018); *Metaldyne, LLC v. JD Norman Indus., Inc.*, No. 17-CV-10758, 2017 WL 1395888, at *3 (E.D. Mich. Apr. 19, 2017); *Kerns v. Encompass Ins. Co.*, No. 5:10-CV-121-REW, 2011 WL 310210, at *5 n.2 (E.D. Ky. Jan. 28, 2011).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *State Farm Fire & Cas. Co.*, 2018 WL 3594973, at *3 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also* Fed. R. Civ. P. 56(c). "When reviewing cross-motions for summary judgment, [the Court] must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence upon which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Here, all parties seek a declaration on the issue of Weber's qualification as an "impartial appraiser" under the insurance policy. The interpretation of insurance-policy language is a matter of law for the Court, which will apply Kentucky law to construe the terms of the policy. *Westfield Ins.*, 336 F.3d at 507 (citing *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. Ct. App. 2000)); *Bays v. Summitt Trucking, LLC*, 691 F. Supp. 2d 725, 736 (W.D. Ky. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Morganfield Nat'l Bank v. Damien Elder & Sons*, 836 S.W.2d 893, 895 (Ky. 1992).

### III. DISCUSSION

Under Kentucky law, where insurance policy terms are not ambiguous, "the ordinary meaning of the words chosen by the insurer is to be followed." *Westfield Ins. Co.*, 336 F.3d at 507 (citing *James Graham Brown Found. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991)). An insurance policy or provision therein is ambiguous if its meaning is susceptible to more than one reasonable interpretation. *Principal Life Ins. Co. v. Doctors Vision Ctr. I, PLLC*, No. 5:12-CV-00125-JHM, 2014 WL 6751201, at *6 (W.D. Ky. Dec. 1, 2014) (citing *True v. Raines*, 99 S.W.3d 439, 442 (Ky. 2003), as amended (Apr. 2, 2003)). The fact that the parties present competing interpretations of a term does not render it ambiguous. *Vencor, Inc. v. Standard Life & Acc. Ins. Co.*, 317 F.3d 629, 635 (6th Cir. 2003); *Principal Life Ins. Co.*, 2014 WL 6751201, at *7; *True*, 99 S.W.3d at 442.

Here, the parties contend that "impartial" is unambiguous but disagree as to how the term should be interpreted in the context of the insurance policy. (D.N. 13, PageID # 53-54; D.N. 14-1, PageID # 63, 65-76) Because "impartial" is not susceptible to multiple reasonable interpretations, the Court finds it to be unambiguous. *See Principal Life Ins. Co.*, 2014 WL 6751201, at *7.

Unambiguous terms "should be interpreted in light of the usage and understanding of the average person." *Westfield Ins. Co.*, 336 F.3d at 507 (citing *Stone*, 34 S.W.3d at 811). In other words, if the insurance policy does not define the term, it must be given its "plain meaning." *State Farm Fire & Cas. Co.*, 2018 WL 3594973, at *4 (citing *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69, 74 (Ky. 2010)).

Although they have not addressed the term at issue here, "Kentucky courts often refer to dictionaries in order to determine the ordinary meaning of undefined contractual terms." *Encompass Indem. Co. v. Halfhill*, No. 5:12-CV-00117-TBR, 2013 WL 6800682, at *4 (W.D. Ky. Dec. 20, 2013); *see also U.S. Fire Ins. Co. v. Ky. Truck Sales, Inc.*, 786 F.2d 736, 739-40 (6th Cir. 1986) (recognizing the Kentucky Supreme Court's approval of using dictionaries to interpret the plain meaning of unambiguous terms in insurance policies). Black's Law Dictionary (10th ed. 2014) defines "impartial" as "[n]ot favoring one side more than another; unbiased and disinterested; unswayed by personal interest."

An appraiser selected under an insurance policy is not disinterested where the appraiser's report is directly influenced by one of the parties. *Cont'l Ins. Co. v. Vallandingham & Gentry*, 76 S.W. 22, 24 (Ky. 1903); *see also Woods Apartments, LLC v. United States Fire Ins. Co.*, No. CV 11-41-C, 2012 WL 12996189, at *1 (W.D. Ky. Dec. 11, 2012) (discussing how the insured destroyed the appraiser's impartiality by directing the appraiser's inspection and interaction with the other appraiser). However, an appraiser's prior work for a party does not necessarily make him interested or partial. *Cont'l Ins. Co.*, 76 S.W. at 24; *see also Cincinnati Specialty Underwriters Ins. Co. v. C.F.L.P. 1, LLC*, No. 3:14-CV-40-DJH-DW, 2015 WL 5793951, at *7 (W.D. Ky. Sept. 30, 2015). Likewise, an appraiser's previous inspection of the damaged property does not destroy his impartiality. *See Upington v. Commonwealth Ins. Co.*, 182 S.W.2d 648, 650-51 (Ky. 1944)

(acknowledging that the insured's appraiser had inspected the damaged property prior to being selected as their appraiser).

Other courts have made similar findings with respect to the meaning of "impartial" in the context of appraiser selection under an insurance policy. *See Nalcrest Found., Inc. v. Landmark Am. Ins. Co.*, No. 8:18-CV-996-T-24AAS, 2018 WL 4293147, at *7 (M.D. Fla. July 27, 2018); *Royal Crest Dairy, Inc. v. Cont'l W. Ins. Co.*, No. 17-CV-00949-RM-KLM, 2017 WL 6819886, at *4 (D. Colo. Dec. 18, 2017), report and recommendation adopted, No. 17-CV-00949-RM-KLM, 2018 WL 317465 (D. Colo. Jan. 8, 2018); *Milton Carpter Ctr., Inc. v. Cincinnati Ins. Co.*, 3:13CV624/MCR/CJK, 2014 WL 12482616, at *1 (N.D. Fla. May 5, 2014). In *Milton*, the court used Webster's New College Dictionary to determine the "plain meaning" of the term. 2014 WL 12482616, at *1-2. The court found that the defendant's attorney was not an impartial appraiser under the insurance contract because he owed a duty of loyalty to the defendant and was therefore biased. *Id*. Courts applying the plain-meaning analysis have also found that an appraiser is not impartial if he has a financial interest in the outcome of the appraisal. *See Nalcrest Found., Inc.*, 2018 WL 4293147, at *7; *Colorado Hosp. Servs. Inc. v. Owners Ins. Co.*, 14-CV-001859-RBJ, 2015 WL 4245821, at *3 (D. Colo. July 14, 2015); *Shree Hari Hotels, LLC v. Soc'y Ins.,* 1:11-CV-01324-JMS, 2013 WL 4777212, at *2 (S.D. Ind. Sept. 5, 2013).

Unlike the cases above, the record here does not support the conclusion that Weber has an interest in the outcome of the appraisal. Nothing in the record suggests that Weber will be paid a contingency fee or otherwise has a personal stake in the appraisal results. (D.N. 11, PageID # 44-45) Likewise, nothing in the record suggests that SECURA directed or controlled Weber. SECURA did not even select Weber for the initial inspection; SECURA retained Rimkus, and Rimkus assigned Weber to Veranda's case. (D.N. 1-2, PageID # 9) Veranda and Sawyer contend

6

that Weber is not impartial only because of his "[prior] involvement and opinions rendered." (D.N. 1-2, PageID # 10) However, Weber's performance of the initial appraisal, without more, does not compel the conclusion that he is biased. *See Cont'l Ins. Co.*, 76 S.W at 24; *see also Upington*, 182 S.W.2d at 650-51. Even when viewed in the light most favorable to Veranda and Sawyer, the record does not show that Weber is biased or has a personal interest in the appraisal. *See Westfield Ins. Co.*, 336 F.3d at 507. Accordingly, the Court finds that Weber qualifies as an impartial appraiser under the insurance policy.

**IV. CONCLUSION**

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Veranda Gardens, LLC and Sawyer Construction & Roofing, Inc.'s motion for summary judgment (D.N. 13) is **DENIED**.

(2) SECURA Insurance's motion for summary judgment (D.N. 14) is **GRANTED**.

(3) A separate judgment will be entered this date.

June 11, 2019

**David J. Hale, Judge**
**United States District Court**